IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS RIVERA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PIKE CAFE OPERATIONS LLC,<br><br>　　　　　　　　Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY<br>ON JULY 20, 2026<br><br>ARBITRATION-ELIGIBLE |

## COMPLAINT

Luis Rivera ("Plaintiff") brings this lawsuit against Pike Cafe Operations LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.,* and the Internal Revenue Code provision codified at 26 U.S.C. § 7434 and entitled titled "Civil damages for fraudulent filing of information returns."

## JURISDICTION AND VENUE

1.　　　　Jurisdiction over the FLSA claim and the claim arising under 26 U.S.C. § 7434 is proper per 28 U.S.C. § 1331.

2.　　　　Jurisdiction over the PMWA claim is proper per 28 U.S.C. § 1367.

3.　　　　Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.　　　　Plaintiff resides in Laureldale, PA (Berks County).

5.　　　　Defendant is a corporate entity that, according to IRS W-2 Forms issued to Plaintiff, maintains a principal address at 930 Pike Street, Reading, PA 19604 (Berks County).

6.　　　　Plaintiff is an employee covered by the FLSA and PMWA.

7.      Defendant is an employer covered by the FLSA and PMWA.

**FACTS**

8.      Defendant operates The Pike Cafe, a Reading, PA bar/restaurant that, according to Defendant's website, "offers great food, an extensive bar menu, indoor and outdoor (seasonal) dining, daily specials, and 60 HD flat screens to catch your favorite sporting event and enjoy the best food and drinks in the area."   https://www.pikecafe.com/ (last viewed 7/20/26).

9.      From around April 2021 until around July 2026, Defendant employed Plaintiff at The Pike Café as a line cook.  As one of several line cooks, Plaintiff had virtually no managerial responsibilities and played no meaningful role in Defendant's general business operations.  His job duties primarily consisted of manual labor associated with food preparation and other kitchen work.

10.     For approximately the first three months of his employment, Defendant paid Plaintiff an hourly wage of around $17.00.  Thereafter, Defendant paid Plaintiff an annual salary that started out at around $48,000 and later was raised to around $52,000.

11.     Plaintiff regularly worked over 40 hours per week.  As one of many examples, Defendant's time records credit Plaintiff with working around 102 hours during the two-week pay period ending February 4, 2025.

12.     Defendant did not pay Plaintiff any overtime premium wages for hours worked over 40 per week.  Rather, during the period in which Plaintiff was paid an hourly wage of around $17.00, Defendant merely paid Plaintiff at this straight-time rate for all work hours, including those hours exceeding 40 per week.  Later, when Plaintiff became a salaried employee, Defendant merely paid Plaintiff his weekly salary for all work hours, including those exceeding 40 per week.

13.     At the end of the 2021 tax year, Defendant issued to Plaintiff and the federal government an IRS W-2 form that misrepresented the wages paid to Plaintiff  during the period in which he was paid an hourly wage of around $17.00.  Specifically, the W-2 form did not include any of the straight-time wages paid to Plaintiff for hours worked over 40 per week. These IRS W-2 forms were fraudulent because, in issuing the forms, Defendant knowingly excluded earnings actually paid to Plaintiff.

## COUNT I – FLSA

14.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

15.     In failing to pay Plaintiff overtime premium wages for hours worked over 40 per week, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

16.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

17.     In failing to pay Plaintiff overtime premium wages for hours worked over 40 per week, Defendant violated the PMWA.

## COUNT III – 26 U.S.C. § 7434

18.     Internal Revenue Code 26 U.S.C. § 7434, titled "Civil damages for fraudulent filing of information returns," provides for a private right of action for any person who "willfully files a fraudulent information return with respect to payments purported to be made to any other

person." 26 U.S.C. § 7434(a).

19.    The term "information return" includes forms such as an IRS W-2 form. *See* 26 U.S.C. § 7434(f); *Rosario v. Fresh Smoothies LLC*, 2021 U.S. Dist. LEXIS 236250, *15 (S.D.N.Y. Dec. 9, 2021).

20.    The IRS W-2 form issued by Defendant to the federal government and Plaintiff for the 2021 tax year was fraudulent because, in issuing the forms, Defendant knowingly excluded straight-time wages actually paid to Plaintiff for hours worked over 40 per week.

21.    Based on the above, Defendant violated 26 U.S.C. § 7434(a).

**JURY DEMAND**

Plaintiff demands a jury trial.

**PRAYER FOR RELIEF**

Plaintiff seeks the following relief:

A.    Unpaid overtime wages and prejudgment interest to the fullest extent available under the FLSA and PMWA;

B.    Liquidated damages to the fullest extent available under the FLSA;

C.    Statutory damages of $5,000 for each instance in the past six years that Defendant issued a fraudulent W-2 form and/or (ii) actual damages sustained as a proximate result of the filing of fraudulent W-2 forms (including any costs attributable to resolving deficiencies asserted as a result of such filing). *See* 26 U.S.C. § 7434(b)(1).

D.    Litigation costs, expenses, and attorneys' fees; and

E.    Such other and further relief as the Court deems just and proper.

Date: July 20, 2026

Respectfully,

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491 Ext. 1
pwinebrake@winebrakelaw.com